UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ASKIA SANKOFA ASHANTI, | ) | NO. CV 15-571-DDP (AGR) |
| Petitioner, | ) | |
| v. | ) | |
| BRIAN DUFFY, Warden, | ) | OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | ) | |

On January 5, 2015, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  Petitioner challenges his conviction in Los Angeles County Superior Court in 1996. (Petition at 7-8 & Ex. B.)[1]

## I.

## PROCEDURAL BACKGROUND

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District, *Ashanti v. Carey*, Case No. CV 98-8689-CAS (AN) ("*Ashanti I*").

---

[1]  Petitioner incorrectly used a § 2241 petition form.

1    On March 29, 1996, after being convicted of unlawful driving or taking of a

2    vehicle, Petitioner was sentenced to 25 years to life in prison under California's

3    Three Strikes law.  (Petition, Ex. B.)

4    In *Ashanti I*, Petitioner challenged the same conviction.   A Report issued

5    on the merits on October 31, 2006, recommending that the petition be denied and

6    the action dismissed with prejudice.  *Id.*, Dkt. No. 388 at 1-2, 55.  On December

7    4, 2006, the district court adopted the Report and entered judgment dismissing

8    the petition with prejudice.  *Id.*, Dkt. Nos. 394-95.  On March 16, 2007, the Ninth

9    Circuit denied the request for a certificate of appealability.  *Id.*, Dkt. No. 400.  On

10   February 6, 2008, the district court denied Petitioner's "Motion for Relief" as a

11   second or successive petition.  *Id.*, Dkt. No. 404.

12   On June 12, 2008, after Petitioner lodged an application seeking

13   permission to file a second or successive habeas corpus petition, the Ninth

14   Circuit stated that "[b]ecause the petition[ is] so insubstantial as to not warrant

15   further review, [it] shall not be permitted to proceed."  Ninth Circuit Case No. 01-

16   80085, Dkt. No. 109.  On April 27, 2012, Petitioner lodged an "Application for

17   Successive Petition for a Writ of Habeas Corpus" challenging his 1996 conviction.

18   *Id.*, Dkt. No. 119-1 at 1, 9-10.  On June 12, 2012, the court stated it had reviewed

19   Petitioner's application "pursuant to the pre-filing review order entered in this

20   docket"[2] and found that "[b]ecause the application is so insubstantial as to not

21   warrant further review, it shall not be permitted to proceed."  *Id.*, Dkt. No. 121.

22

23

24

25

---

26    [2] On July 16, 2001, the Ninth Circuit entered a pre-filing review order that
required all of Petitioner's notices of appeal and petitions to be lodged for the
27   court to "determine whether they merit further review and whether they should be
filed."  Case No. 01-80085, Dkt. Nos. 3, 6.  The order "shall remain in effect until
28   further order of this court."  *Id.*, Dkt. No. 3.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.

## <u>DISCUSSION</u>

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the Petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit.  *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Ashanti I*.  (Petition at 8, Attached Petition at 2, 5, 6, 27, 30.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Here, summary dismissal is warranted.

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.


DATED:  February 20, 2015                    _____
                                             DEAN D. PREGERSON
                                             United States District Judge

4